IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GORDON R. SIMMONDS | § | |
| VS. | § | CIVIL ACTION NO. 1:12cv47 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Gordon R. Simmonds, an inmate confined at the Robertson Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Discussion

On June 6, 2000, in the 252nd District Court of Jefferson County, Texas, petitioner was convicted of possession of child pornography and sentenced to 50 years imprisonment in the Texas Department of Criminal Justice. Petitioner brings this petition challenging the validity a prison disciplinary conviction received on October 20, 2010 while confined at the Robertson Unit, disciplinary report number 20110048516.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner was originally convicted within the jurisdictional boundaries of this court. However, the disciplinary conviction which forms the basis of this petition occurred at the Robertson Unit, located in Bee County, Texas. Additionally, petitioner is currently confined at the McConnell Unit. Pursuant to 28 U.S.C § 124, Bee County is in the Southern District of Texas.

While jurisdiction is proper in the Eastern District of Texas because the prisoner was originally convicted within the district court's territorial boundaries, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition

were transferred to the district in which the petitioner is confined and the disciplinary conviction occurred.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of a disciplinary conviction which occurred in the Southern District of Texas and all records and witnesses involving this action may be located in the Southern District, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Southern District of Texas, Corpus Christi Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED** this   6   day of          February         , 2012.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE